DAVID W. GERMAN, State Bar No. 252394
NEWMAN AARONSON VANAMAN LLP
14001 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone: (818) 990-7722
Facsimile: (818) 501-1306
dgerman@navlaw.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B., a minor by and through his guardian ad litem, MICHELLE B., | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| BANNING UNIFIED SCHOOL DISTRICT, a public educational entity, and DAWN DEZERN, and DOES 1-30, | JURY DEMANDED |
| Defendants. | |

Plaintiff J.B., a minor by and through his guardian ad litem MICHELLE B., alleges as follows:

///
///
///
///
///
///
///
///
///

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's federal law claims is founded upon 28 U.S.C. section 1331 [federal question jurisdiction] and 28 U.S.C. section 1343(a)(3) [federal civil rights jurisdiction]. All claims for violation of Plaintiffs' rights under the laws and the Constitution of the United States are brought pursuant to 42 U.S.C. section 1983.

## INTRADISTRICT ASSIGNMENT

2. The Banning Unified School District is located within Riverside County, and all of the acts and/or omissions giving rise to the claims in this action occurred in Riverside County, which is located within the geographical boundaries of the Eastern Division of the United States District Court, Central District of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On or about April 5, 2017, Plaintiff filed an appropriate timely notice for claim for damages against the Banning Unified School District. On or around May 19, 2017, Plaintiff's counsel received notice that such claim was rejected. As a result, Plaintiff has exhausted all remedies in attempting to resolve the matter described in this Complaint.

## PARTIES

4. Plaintiff Michelle B. brings an action on her own behalf and as guardian ad litem for her son, J.B. and has been a resident of the City of Banning at all times relevant to this complaint.

5. Plaintiff J.B. is a minor and was a resident of the City of Banning at the time that the incidents alleged herein occurred.

6. At all times relevant to this complaint, defendant Dawn Dezern ("DEZERN") was a teacher employed by Banning Unified School District ("BUSD"), Banning, California. All actions alleged herein by DEZERN were taken under color of state law and in the course and scope of her employment with BUSD.

7. The BUSD is a public entity duly incorporated and operated under California Law as a school district. Defendant BUSD is a public entity subject to Title II of the

Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code sections 11135 and 4450, et seq., and to all other legal requirements referred to in this Complaint.

8. In enacting Title II of the Americans with Disabilities Act Congress validly abrogated state sovereign immunity, and thus AUSD may be sued pursuant to Title II. *Hasan v. Jvled. Ed. of California*, 279 F.3d 1167, 1170 (9th Cir. 2002). By accepting Federal Rehabilitation Act funds, BUSD waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to § 504 of the Rehabilitation Act of 1973. *Pugliese v. Dillenberg*, 346 F.3d 937 (9th Cir. 2003).

9. The true names and capacities of defendants sued as DOES 1 through 30 are unknown to Plaintiffs and Plaintiffs pray leave to amend to allege the true names and capacities when they are ascertained.

10. At all relevant times set forth herein, all Defendants acted in concert and as the agent of one another.

## INTRODUCTION

11. J.B. was born on August 4, 2009. He is a student enrolled in Banning Unified School District. He is eligible to receive special education services as a result of deficits caused by a traumatic brain injury that resulted from his being hit by a car when he was 4 years old. Michelle B. is his mother.

12. On or about October 4, 2016, J.B. was struck multiple times in the face by his teacher Ms. Dawn Dezern. This occurred in a first grade classroom at Hoffer Elementary school. Hoffer Elementary is a school within the Banning Unified School District.

13. J.B. suffered a traumatic brain injury when he was struck by a car at the age of 4. Residual effects of that injury include visual-spacial deficits and coordination issues which frequently result in his accidentally bumping into other children. On October 4, 2016,

J.B. accidentally bumped into a child in his class. Ms. Dezern then called him to the front of the room, grabbed his arm, and struck him in the face multiple times with his own hand. While she did this she stated "how do you like that?" and "how does it feel?" When he began to cry she stated "oh, that didn't hurt."

14. In a subsequent meeting with J.B.'s parents Ms. Dezern admitted to repeatedly striking J.B. and stated that she believed it "wasn't a big deal" and expressed her belief that striking students was an appropriate behavioral intervention.

15. J.B. suffered significant psychological and physical symptoms that were not present prior to J.B. being hit by Ms. Dezern. Since that time he has repeatedly been observed by his parents hitting himself in the head while engaging in negative self-talk about his disability-related deficits. To date, almost two years after the incident, his parents are still trying to stop this behavior. When they ask him why he does it, he refers to Ms. Dezern's "teaching him" that his disability-related differences were "bad."

## FIRST CLAIM FOR RELIEF
### (Violation of Constitutional Rights, 42 U.S.C. § 1983)

16. J.B. incorporates by reference the allegations of paragraphs 1 through 15 above, as if fully set forth herein.

17. Defendant DEZERN violated minor Plaintiff J.B.'s rights under the Fourth Amendment to the United States Constitution by utilizing unjustified and unreasonable force against minor Plaintiff.

18. Defendants DOES 1-30, District Administrators in charge of hiring, training, supervising DEZERN, violated J.B.s rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to Plaintiff from Defendant DEZERN.

19. Defendants DEZERN and DOES 1-30 violated Plaintiffs J.B. and Michelle B.'s rights under the Due Process Clause to the Fourteenth Amendment to the United States Constitution by actions, including but not limited to:

a. Intentionally interfering with the parent child relationship by concealing information regarding the physical and emotional trauma inflicted on J.B. by DEZERN.

b. Intentionally interfering with J.B. and Michelle B.'s right to provide and receive nurture, support and comfort regarding a highly traumatic event.

20. As a proximate result of the above-mentioned conduct, J.B. suffered general damages, including, but not limited to bruising, emotional distress, pain, suffering, and inconvenience.

21. As a further proximate result of the above-mentioned conduct, J.B. suffered special damages, including, but not limited to counseling expenses, to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Violation of the Americans with Disabilities Act)

22. Plaintiff J.B. and Michelle B. incorporate by reference the allegations of paragraphs 1 through 21 above, as if fully set forth herein.

23. Effective January 26, 1992, plaintiff J.B. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. section 12131, section 201 of the ADA.

24. Pursuant to 42 U.S.C. section 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff J.B. was at all times relevant herein a qualified individual with a disability as therein defined.

25. BUSD has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as required by the

ADA, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

26. BUSD has further failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as required by the ADA by subjecting Plaintiff to a hostile educational environment.

27. As a result of BUSD's failure to comply with its duty under Title II, Plaintiff J.B. has suffered damages including special and general damages according to proof.

### THIRD CLAIM FOR RELIEF
### (Violation of Section 504 of the Rehabilitation Act of 1973)

28. J.B. refers to and incorporates by reference the allegations contained in Paragraphs 1 through 27, inclusive.

29. Plaintiffs are informed and believe and therefore allege that BUSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction, and/or maintenance of the specific public facilities described herein and the activities that take place therein.

30. By their actions or inactions in denying equal access to educational services and by subjecting Plaintiff J.B. to a hostile educational environment, defendant has violated Plaintiff J.B.'s rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder.

31. As a result of the District's failure to comply with its duty under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder, Plaintiff J.B. has suffered damages including special and general damages according to proof.

### JURY DEMAND

Plaintiff hereby demands that this matter be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Compensatory damages to Plaintiffs for injury and for medical expenses;
2. Punitive damages against Defendant DEZERN;
3. Attorney's fees and costs; and
4. Such other and further relief as the Court deems just and proper.

Dated: October 3, 2018                    Respectfully Submitted,

Newman.Aaronson.Vanaman LLP

By: _____
David W. German

Attorney for Plaintiffs