UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-2134 JGB (KKx)** | Date | June 27, 2019 |
|---|---|---|---|
| Title | ***J.B., et al. v. Banning Unified School District, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Approval of Minor's Compromise and (2) VACATING the July 1, 2019 Hearing (IN CHAMBERS)

Before the Court is minor Plaintiff J.B.'s motion, through his Guardian Ad Litem Michelle Brown, for approval of a minor's compromise. ("Motion," Dkt. No. 37.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the briefing and settlement agreement, the Court GRANTS Plaintiff's Motion. The July 1, 2019 hearing on this matter is VACATED.

## I. BACKGROUND

This case involves allegations that Defendant Dawn Dezern, a teacher employed by the Banning Unified School District ("BUSD"), repeatedly struck J.B. in the face with his own hand in front of his first-grade class at Hoffer Elementary School. ("Complaint," Dkt. No. 1 ¶¶ 5, 12-14.) According to allegations in the Complaint, J.B. suffered a traumatic brain injury when he was struck by a car at age four and suffers residual effects of that injury which entitle him to the protections of the Americans with Disabilities Act of 1990. (Id. ¶ 23.) Plaintiff initiated this action on October 4, 2018. (Dkt. No. 1.) The Complaint alleges violations of J.B.'s Constitutional rights, American with Disabilities Act, and the Rehabilitation Act. Defendant BUSD filed a motion to dismiss the Complaint on January 4, 2019. (Dkt. No. 25.) On January 15, 2019, Plaintiff filed a notice of settlement. (Dkt. No. 27.) On June 7, 2019, Plaintiff filed the present Motion. (Dkt. No. 37.)

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). A district court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Salmeron v. U.S., 724 F.2d 1357, 1363 (9th Cir. 1983) (citation omitted). Under Local Rule 17.1, "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." L.R. 17-1.2.

In evaluating a compromise, a district court should "limit the scope of [its] review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181-82. This evaluation should be performed "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." Robidoux, 638 F.3d at 1182 (citing Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978)).

## III. DISCUSSION

As discussed above, J.B.'s claims for violations of his Constitutional rights, the ADA, and the Rehabilitation Act arise from the conduct of his first-grade teacher, Dawn Dezern, who struck him repeatedly with his own hand in his first-grade classroom. (Comp. ¶¶ 12-15.) Through his guardian ad litem, J.B. reached separate settlement agreements with BUSD and Dezern. ("BUSD Settlement," Dkt. No. 37-2; "Dezern Settlement," Dkt. No. 37-3.) The terms of the BUSD and Dezern Settlements are substantially similar. The BUSD Settlement requires BUSD to pay a total of $5,000 to J.B. to settle all claims against it. (BUSD Settlement ¶ 3.) The Dezern Settlement requires that Dezern pay a total of $7,500 to J.B. to settle all claims against her. (Dezern Settlement ¶ 1.) In total, $12,500 dollars will be paid to J.B. Counsel for J.B. has not sought to recover fees or reimbursement for costs in light of the size of the recovery in this matter. (Mot. at 2; "Declaration of David W. German," Dkt. No. 37-1 ¶ 6.)

The Court finds the proposed Settlements to be fair, reasonable, and in the best interests of the minor Plaintiff. Plaintiff has submitted the declaration of attorney David W. German, which states that German "made a careful and diligent inquiry and investigation to ascertain the facts relating to this matter, the potential liability of defendants, and any potential harm to Plaintiff" before engaging in arms-length settlement negotiations with Defendants. (German Decl. ¶¶ 2, 5.) German discussed the settlement agreement with J.B.'s guardian ad litem, who believes the settlement amount is reasonable and is satisfied with the quality of representation provided by German in this matter. ("Declaration of Michelle Brown," Dkt. No. 37-4 ¶¶ 6, 8.) The net recovery of $12,500 is also fair and reasonable in light of recovery in similar cases. While slightly lower than other cases involving failure to accommodate students with special needs or

disabilities, the allegations in this case emerge from a single event by J.B.'s teacher and do not appear to involve specific allegations of misconduct against the School District  See D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist., 2013 WL 275271, at *2 (E.D. Cal. Jan. 23, 2013) (approving payment of $30,000 to one student and $18,379 to settle case arising from school's failure to accommodate plaintiffs' learning disabilities); Colbey T. v. Mt. Diablo Unified Sch. Dist., 2012 WL 1595046, at *2 (approving $28,650 settlement in case arising from case arising from failure to provide accommodations for student with emotional and behavioral disabilities, resulting in injury to the plaintiff); Castaneda ex rel Castaneda v. Wendell, 2007 WL 1322357, at *1 (E.D. Cal. May 2, 2007) (approving $32,939.53 settlement in case arising from detention and strip search of high school student).

The Court also finds it reasonable that the settlement funds be paid into a California Uniform Transfers to Minors Account ("CUTMA") under the custodianship of J.B.'s mother and guardian ad litem, Michelle Brown.  Brown is fully responsible for J.B.'s care and will use the settlement funds for J.B.'s best interests. (Brown Decl. ¶ 7.)  See Demoura v. Ford, 2012 WL 4815523, at *4 (E.D. Cal. Oct. 9, 2012), report and recommendation adopted, No. 1:09-CV-01344-LJO, 2012 WL 4978785 (E.D. Cal. Oct. 17, 2012) (approving deposit of settlement funds into CUTMA account for benefit of minor plaintiff).

## IV.   CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion.  The BUSD and Dezern Settlements are APPROVED.  The July 1, 2019 hearing on this matter is VACATED.

**IT IS SO ORDERED.**